UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY G. OSSANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV100 LMB |
| | ) | |
| MEGAN MARBARGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timothy Ossana, a pretrial detainee at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.13. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $23.50, and an average monthly balance of $25.65. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.13, which is 20 percent of plaintiff's average monthly balance.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the

purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Megan Marbarger (Parole Officer, Missouri Department of Probation and Parole), Rachel Brown (private citizen), John Jordan (Sheriff, Cape Girardeau County), Char Bennett (Physician's Assistant, United States Bureau of Prisons ("BOP")), Mahmoud Choudhury (Physician, BOP), and Lee Ann Preston-Baecht (same). The complaint seeks monetary and injunctive relief.

In Count One of the complaint, plaintiff alleges that defendant Marbarger violated his Fourth Amendment right to be free from unreasonable searches and seizures when she caused his DNA to be collected.

In Counts Two and Three of the complaint, plaintiff alleges that defendant Brown, who is not a state actor, violated his rights when she gave a false statement to government agents accusing plaintiff of trying to kill a child molester and of discharging a firearm.

In Counts Four and Five of the complaint, plaintiff alleges that defendant Jordan violated his First Amendment right of access to the courts when "he caused jail staff to follow policies & procedures" that denied plaintiff the opportunity to file civil rights cases and habeas petitions while plaintiff was at Cape Girardeau County Jail.

In Count Six of the complaint, plaintiff alleges that defendant Jordan violated his right to due process of law when "he caused jail staff to follow policies & procedures" that denied plaintiff blankets, clean clothing, and cleaning supplies while plaintiff was at Cape Girardeau County Jail.

In Counts Seven and Eight of the complaint, plaintiff alleges that defendant Bennett violated his right to due process of law when she failed to adequately treat plaintiff when he was suffering from traumatic brain injury during his stay at the BOP's medical center in Springfield, Missouri.

In Count Nine of the Complaint, plaintiff alleges that defendant Choudhury violated his right to due process of law when he failed to treat plaintiff for his brain injury during his stay at the BOP's medical center in Springfield, Missouri.

In Count Ten of the Complaint, plaintiff alleges that defendant Preston-Baecht violated his right to due process of law when she failed to treat plaintiff for his brain injury during his stay at the BOP's medical center in Springfield, Missouri.

In Count Eleven of the complaint, plaintiff alleges that defendant Preston-Baecht violated his right to due process of law when she submitted a psychiatric evaluation of plaintiff to this Court suggesting that plaintiff was competent to stand trial and was exaggerating the symptoms of his alleged brain injury.

## Discussion

1. <u>Permissive Joinder</u>

The complaint contains eleven counts and names six defendants. Defendants work for different agencies in different locations. At issue is whether the defendants are properly joined. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action."

The allegations in Count One of the complaint do not pertain to the same defendant or arise out of the same series of transactions and occurrences as those of any other count in the complaint. The same goes with Counts Two and Three of the complaint, and with Counts Four, Five and Six of the complaint, and so on. As a result, defendants are not properly joined under Rule 20(a)(2).

Because plaintiff has named defendant Marbarger as the lead defendant in this action, and because the defendants are not properly joined under Rule 20(a)(2), the Court will dismiss this action without prejudice as to defendants Brown, Jordan, Bennett, Choudhury, and Preston-Baecht. If plaintiff wishes to bring claims against these persons, he must file new complaints against them that comply with the Federal Rules of Civil Procedure.

2. 28 U.S.C. § 1915(e)(2)(B)

The taking of DNA from a parolee by a parole officer does not constitute an unreasonable search and seizure in violation of the Fourth Amendment. See United States v. Krakilo, 451 F.3d 922, 924-25 (8th Cir. 2006) ("collection of DNA under the DNA Act" does not implicate the Fourth Amendment); Nicholas v. Goord, 430 F.3d 652, 671 (2nd Cir. 2005) (New York DNA-indexing statute does not implicate the Fourth Amendment). As a result, plaintiff's claim against Marbarger fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this __29th__ Day of July, 2009.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE